We regret that we cannot consider either the statement of facts or the bills of exception. Holden v. State, 98 Tex. Cr. R. 592, 267 S. W. 275; Johnson v. State, 104 Tex. Cr. R. 384, 283 S. W. 807; Bailey v. State, 104 Tex. Cr. R. 150, 282 S. W. 804.

The judgment is affirmed.

## JORDAN v. STATE. (No. 10645.)

(Court of Criminal Appeals of Texas. Feb. 9. 1927.)

Criminal law ☞1092(7), 1099(6)—Statement of facts and bill of exceptions, filed over 90 days after notice of appeal, cannot be considered; unavoidable delay not being shown (Code Cr. Proc. 1925, art. 760).

Court could not consider statement of facts and bill of exceptions on appeal from conviction of bigamy, where statement and bill were not filed within 90 days after entry of notice of appeal, as required by Code Cr. Proc. 1925, art. 760, and where record did not show delay in filing was due to any cause not within defendant's control, as trial judge under statute has no authority to extend time beyond 90 days.

Appeal from District Court, Fannin County; George P. Blackburn, Judge.

J. Jordan was convicted of bigamy, and appeals. Affirmed.

Wyatt J. Baldwin, of Paris, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is bigamy; punishment fixed at confinement in the penitentiary for a period of two years.

The motion for new trial was overruled, and notice of appeal entered of record on the 24th day of June, 1926. A single bill of exceptions found in the record was filed on the 27th day of October, 1926, and the statement of facts filed on the 29th day of the same month. Under the law in force (article 760, C. C. P. 1925), the time within which the statement of facts and bills of exceptions can be filed is limited to 90 days after the entry of the notice of appeal. The trial judge is without authority to extend the time beyond that date. In the absence of showing that the delay was due to some cause not within the appellant's control, this court is without authority to consider either the statement of facts or the bill of exceptions. The record in the present case shows no legal excuse for the delay.

Perceiving no error in the record, the judgment is affirmed.